KNIGHT *v.* DIXIE REALTY COMPANY, trustee, *et al.*

No. 7088. MAY 16, 1929.

*J. W. Bolton, R. S. Drennon,* and *G. G. Finch,* for plaintiff.
*Tye, Thomson & Tye* and *Alvin L. Richards,* for defendants.

GILBERT, J. Mrs. Della Knight instituted proceedings to have a receiver appointed to take charge of specified residential property in the City of Atlanta, and to pay her, from the rents and profits thereof, past-due alimony and alimony to accrue under a decree therefor. She alleged that she had been divorced from Q. L. Knight; that the above property was scheduled in the libel

for divorce; that the alimony judgment attached thereto; that Knight was in arrears on the alimony; that Knight had conveyed said property to the Dixie Realty Company to secure a loan of $2500, and had later deeded it to the State Bond & Mortgage Company to secure a second loan of $1050; that still later Knight had executed and delivered a contract to Mrs. Minnie L. Sawyer, agreeing to sell said property to her upon prescribed terms; that said Mrs. Sawyer had refused to surrender said property to a temporary receiver, after she had gone into possession under said contract. The plaintiff prayed that said two loan companies and Mrs. Sawyer be made parties defendant, and that their rights respectively be decreed inferior to her lien growing out of said alimony judgment. On a hearing there was submitted to the court an agreed statement of facts which set up that Q. L. Knight had owned an equity in said property which was subject to a loan deed in favor of the Union Trust Company; that Knight had sued petitioner for divorce, and on October 15, 1927, a judgment on verdict for alimony was rendered in behalf of two children, the custody of one of whom was awarded to the father (alimony as to this child being suspended during that custody); that the alimony as to the other child was in arrears, the same having been ordered paid to the wife's attorney; that Knight had borrowed $2500 from the Dixie Realty Company to pay off the obligation in favor of the Union Trust Company, and had executed a loan deed reciting that said Dixie Company, as trustee, was subrogated to all the rights of said Union Company; that Knight had placed another loan on said property with the State Bond & Mortgage Company; that all of said loan deeds were recorded; and that Knight had entered into said contract with Mrs. Minnie L. Sawyer, which was also recorded. The court refused the relief prayed, and refused to order that the said parties be joined as defendants (the order as passed reciting that "the record does not as a matter of law show that the plaintiff has any priority of right over either one of said parties"), and discharged the temporary receiver, ordering him to restore the property to the party from whom he took it. To this judgment the petitioner excepted.

The court did not err in refusing to make parties defendant as prayed, nor in discharging the temporary receiver and ordering

the possession of the property to be restored to the owner from whom it was taken. *Stephens* v. *Stephens,* ante, 630.

> *Judgment affirmed. All the Justices concur.*